Cynthia A. SMITH, Plaintiff,

v.

ITT CORPORATION, Defendant.

No. CIV 94–758–PHX–RGS.

United States District Court,
D. Arizona.

March 25, 1995.

Jack C. Levine, Phoenix, AZ, for Cynthia A. Smith.

Teresa D. Forst, John Alan Doran, Carolann Elizabeth Cervetti, Bryan Cave L.L.P., Phoenix, AZ, for ITT Corporation, Ronald Lacy, Jane Doe Lacy.

## ORDER

STRAND, District Judge.

### BACKGROUND

Plaintiff, Cynthia A. Smith, brings a sexual harassment and employment discrimination action against her former employer, Defendant ITT Corp. Plaintiff was employed as an Operations Supervisor at ITT Cannon's Phoenix Facility. This facility serves primarily as a defense contractor. Plaintiff's seconded amended complaint alleges three counts: Discrimination/Sexual Harassment, Wrongful Discharge in Violation of Public Policy, and Infliction of Emotional Distress. Plaintiff claims that during the course of her employment she was subjected to "threats of physical harm and acts of harassment and discrimination from Defendant ITT's employees, representatives and agents" (Complaint, ¶ 12). Plaintiff claims that Defendant's managerial employees failed to stop the harassment caused by Plaintiff's subordinates.

On March 20, 1992 Plaintiff was informed that the words "I want to F__K Cindy" and sexually explicit drawings were inscribed on the men's restroom wall. Plaintiff informed her immediate supervisor, Ronald Lacy. Plaintiff claims that Defendant failed to take appropriate actions in response to the graffiti and made some negative remarks about Plaintiff's gender. On May 21, 1992 the Plaintiff was informed that she was being laid off due to a restructure and elimination of her position.

### DISCUSSION

■ Defendant's Motion for Summary Judgment will be granted. In evaluating a summary judgment motion, the inquiry is whether, with respect to any dispositive issue, the pleadings and supporting materials show there is no genuine issue of material fact, and if not, whether viewing the evidence and inferences which may be drawn therefrom in a light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

■ Since the Plaintiff in this case will bear the burden of proof at trial as to some of the elements essential to her case, the Plaintiff can withstand a motion for summary judgment only by making a showing sufficient to establish a genuine issue of fact regarding those elements and showing that the dispute properly may be resolved only by the fact-finder because it could reasonably be resolved in favor of either party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 2551–52, 91 L.Ed.2d 265. In order to make such a showing, the Plaintiff must present specific facts in support of her contentions and must support these facts by proper evidentiary material, which when coupled with undisputed background and contextual facts, show that the fact-finder could reasonably find in Plaintiff's favor; the Plaintiff cannot merely rest on her pleadings. Fed.R.Civ.P. 56(e). *See also T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.1987) (citations omitted).

■ Plaintiff makes two basic claims: a sexual harassment claim and a wrongful termination claim. The third claim, infliction of emotional distress, rests on the merits of the first two claims. In terms of the sexual harassment claim, Plaintiff's deposition testimony points to four main events that occurred during her employment. The first three events do not relate to *sexual* harassment. (*See* Defendant's SOF, Exhibit L.). Each of the three events occurred following disciplinary action taken by Plaintiff against subordinate employees. After disciplining Mr. Pete Marjon, he glared at her and told

another supervisor he wanted to see Plaintiff's blood shed (*See* Defendant's SOF, Exhibit L, p. 55). Plaintiff told her supervisor about the incident, and the supervisor, according to Plaintiff, took care of it. (*See* Defendant's SOF, Exhibit L. p. 76). Plaintiff claims another female subordinate, Ms. Margo Wilson, had a male friend call her and scream into the phone. Plaintiff claims on another occasion, Mr. Greg Palmer, had her power and telephone shut off and put Plaintiff's name on a junk mail list. Defendant's security responded to this situation (See Defendant's SOF, Exhibit M). Plaintiff fails to present any evidence that rebuts Defendant's evidence showing that Defendant took adequate measure to correct this alleged harassment.

Moreover, these three incidents are not related to the Plaintiff's gender. Each of the events occurred after disciplinary action. The Plaintiff does not present evidence which shows that this alleged harassment is sexual in nature. Other male supervisors in Plaintiff's position have complained of similar harassment following disciplinary action. (*See* Defendant's SOF, Exhibit M). When asked how these events related to her gender Plaintiff responded that she "did not know." (*See e.g.,* Defendant's SOF, Exhibit L, p. 249). Plaintiff admits that she had a reputation for being a zealous disciplinarian. Therefore, Plaintiff does not present evidence from which a reasonable fact-finder could find *sexual* harassment based on these three claims.

 The fourth event is sexual in nature and is not time-barred. On May 19, 1992 Plaintiff was informed of obscene drawings on the wall accompanied by the inscription "I want to F__K Cindy." Plaintiff claims that these writings and the Defendant's response to the writing constitutes sexual harassment. Plaintiff stated in her deposition that Ronald Lacy, her direct supervisor, told her "[t]hese are the things you have to expect when you do a man's job" (Defendant's SOF, Exhibit L, p. 143). Ronald Lacy contests this in his affidavit stating that he told Plaintiff her perception of the incident was wrong and

that "man or woman, certain things come with the job" (Defendant's SOF, Exhibit K). The Plaintiff further claims that Mr. Lacy did not respond adequately to the graffiti. Plaintiff claims that Mr. Lacy left the office after Plaintiff informed him of the incident in order to handle another matter.

Most of the issues from this incident are not in dispute and the one issue that is in dispute, Ronald Lacy's statement, is not material. Plaintiff and Defendant agree that Mr. Lacy left his office after hearing of the graffiti incident in response to another employee entering the office requiring his assistance. Plaintiff states that the graffiti was removed the same day, but that she did not know at what hour of the day. (Defendant's SOF, Exhibit L, p. 144). Defendant presents evidence demonstrating that the graffiti was removed within two hours, and Plaintiff does not challenge this point (Defendant's SOF, Exhibit K). Ronald Lacy also states he that met with supervisors and told them to tell their subordinates that this kind of behavior would not be tolerated. (Defendant's SOF, Exhibit K). Thus, Plaintiff does not present evidence to dispute the Defendant's evidence that it took the graffiti off within two hours and warned the employees that disciplinary action would be taken. This is an adequate response to the graffiti incident.

 The one disputed "fact" is not material because even if it were true it would not, in conjunction with the other undisputed facts, amount to sexual harassment. The Supreme Court has held:

> Of course, ... not all workplace conduct that may be described as "harassment" affects a "term, condition, or privilege" of employment within the meaning of Title VII.... For sexual harassment to be actionable, it must be sufficiently severe or pervasive "to alter the conditions of the [victims's] employment and create an abusive working environment.

*Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).[1] The bathroom graffiti and alleged

1. Plaintiff brings her claim pursuant to the Arizona Civil Rights Act. The parties stipulated to

Plaintiff's voluntary dismissal of a Title VII claim because Plaintiff failed to file suit within 90 days

statement by Ronald Lacy are not "sufficiently severe or pervasive" and do not rise to the level of sexual harassment. In a far more egregious case, the Seventh Circuit held that where a victim was touched, called a "dumb blond", kissed, and had "I Love You signs" placed in her work area, there was no actionable claim for sexual harassment. *Weiss v. Coca–Cola Bottling Co.*, 990 F.2d 333 (7th Cir.1993). The Defendant's response to the graffiti and the warnings issued by Defendant were sufficient. "A mere utterance of an ... epithet which engenders offensive feelings in an employee ... does not sufficiently affect the conditions of employment to implicate Title VII." *Harris v. Forklift Systems,* 510 U.S. 17, ——, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 *citing Meritor Savings Bank.* The alleged comment by Ronald Lacy, in conjunction with the other facts, does not rise to the level of sexual harassment.

■ Plaintiff's second claim is that she was wrongfully terminated in retaliation for her complaint about the graffiti and/or for discriminatory reasons. The Defendant presents three affidavits stating that the decision to terminate was made one week prior to the graffiti incident. The evidence states that on May 14, 1994 Ron Lacy met with his supervisor, Bob Wright and they decided to terminate Plaintiff's employment. (See Defendant's SOF, Exhibits J, K, M). According to Manager of Human Resources Cyndy Wiren's deposition, while on maternity leave she was informed on May 18, 1992 that Mr. Lacy and Mr. Wright decided to terminate Plaintiff's employment on May 14 (Defendant's SOF, Exhibit J). Thus, Defendant has come forward with substantial evidence that the graffiti incident had no relation to the Plaintiff's termination and that she was terminated prior to the event. The Plaintiff presents no admissible evidence to rebut these three affidavits.

of receipt of her Right–to–Sue letter from the EEOC.

Therefore Plaintiff brings her claim under A.R.S. § 41–1463 and Phoenix City Code Ordinance No. G–1900. Title VII case-law is instructive in this case and guides the Court's application of the Arizona Civil Rights Act. *See, e.g.,*

■ Plaintiff further claims that she was terminated for discriminatory reasons. The Plaintiff's complaint ambiguously alleges a claim for wrongful termination on the grounds of gender discrimination. Assuming Plaintiff has stated a prima facie case for discrimination, the Defendant has presented sufficient evidence to meet its burden of demonstrating a legitimate non-discriminatory reason for its decision. *See Texas Dept. of Community Affairs v. Burdine* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595 (9th Cir.1993). The Defendant presents evidence demonstrating that the decision to terminate Plaintiff's employment was based on neutral criteria free of a discriminatory animus.

The facility which Plaintiff worked at serves primarily as a defense contractor. As a result of economic conditions, Defendant laid off a substantial number of employees from 1990 through May 1992 (Defendant's SOF, Exhibits J, K). Defendant decided that they needed to lay off a supervisor at the Grade 13 level. According to Defendant, and uncontroverted by Plaintiff, approximately 20 employees were laid off the same day as Plaintiff. (Defendant's SOF, ¶ 1). At the time there were six supervisors at this level. Plaintiff had been with the Defendant for 4 years, 5 months and had been a supervisor for 1 year, 5 months. Defendant's evidence demonstrates that there were four supervisors with 27 or more years with Defendant and the fifth was with the company for 3 years, 7 months, but had been a supervisor for this whole period (Defendant's SOF, Exhibit, K). Each of these supervisors had more experience as a supervisor and all but one had far more years of service with the Defendant. All of the supervisors, including Plaintiff, had satisfactory work evaluations. Plaintiff does not present evidence to dispute Defendant's evidence. Further, Plaintiff fails to show

*Civil Rights Division v. Superior Court,* 146 Ariz. 419, 706 P.2d 745 (Ct.App.1985) ("in enacting civil rights legislation which is substantially identical to the federal act, the Arizona legislature intended to accomplish the same objectives on the state level.").

that these reasons were a pretext for discrimination. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093–94 and *Odima*, 991 F.2d at 599.

Plaintiff further claims that she could have been placed in another supervisor position, a Grade 12 supervisor. Plaintiff claims that a male in a similar situation to Plaintiff was demoted to the Grade 12 position in lieu of being laid off. Defendant's evidence demonstrates that Plaintiff was not qualified for the position because it required experience in the machine shop which Plaintiff did not have. Moreover, the Defendant had no policy of demoting Grade 13 supervisors instead of laying them off and Plaintiff never applied for the open Grade 12 position. (Defendant's SOF, Exhibits, J, K). Again, Plaintiff fails to come forward with evidence disputing Defendant's evidence.

In sum, the Plaintiff has failed to provide evidence disputing the Defendant's evidence and there is consequently no genuine issues as to any material fact. The Plaintiff does submit some affidavits from former employees of Defendant (*See* Exhibits to Plaintiff's SOF.). These affidavits, most of which would be inadmissible at trial and thus not admissible evidence at the summary judgment stage, do not enhance the Plaintiff's case. The few specific incidents alleged in these affidavits do not suggest that Plaintiff was subjected to sexual harassment in her work environment. The affidavits fail to show that a reasonable person would find the work environment hostile or abusive and they fail to demonstrate that the alleged victim subjectively perceived the environment to be hostile. *See Meritor Savings Bank* and *Harris*. Further these affidavits do not suggest that Plaintiff's employment was terminated based on her gender. Based on the foregoing reasons, Plaintiff's claim for infliction of emotional distress must also be dismissed. Plaintiff fails to dispute Defendant's evidence showing there are no genuine issues of material fact as to the infliction of emotional distress claim. The Motion for Summary Judgment will accordingly be granted.

Based on the foregoing,

**IT IS ORDERED,** granting Defendant's Motion for Summary Judgment (Doc. # 14).